**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Richey, | No. CV-18-04667-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner Sean Richey's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge James F. Metcalf on October 21, 2019 (Doc. 15).

Petitioner was found guilty of two counts of aggravated driving while under the influence of intoxicating liquor by a Maricopa County jury. The state trial court sentenced him to concurrent 4.5–year prison terms. Petitioner raises two grounds for relief in his timely-filed Petition. Ground One alleges he received ineffective assistance of appellate counsel when his attorney failed to "raise [the] issue of an illegal, warrantless blood draw on appeal." (Doc. 1 at 6). In Ground Two, Petitioner alleges that his pretrial counsel provided him ineffective assistance of counsel by failing to perform an adequate investigation "vis a vis [his] failure to subpoena Officer Patterson to the suppression of evidence hearing." (*Id.* at 7). The Magistrate Judge determined that Petitioner failed to show that the state court's rejection of Ground One was based on an unreasonable

determination of the facts or that it was contrary to or an unreasonable application of federal law. (Doc. 15 at 8–11). He then found that Ground Two was without merit. (*Id.* at 14–16). He recommends denial of his Petition. (*Id.* at 17). He further recommends denial of a Certificate of Appealability and leave to proceed *in forma pauperis* because "jurists of reason would not find the district court's assessment of the constitutional claims debatable or wrong." (*Id.*) The parties were advised that they had 14 days from the date of the R&R "within which to file specific written objections with the Court." (*Id.* at 18). Petitioner filed an Objection to the R&R on October 31, 2019 (Doc. 16) and Respondents timely filed a Response (Doc. 18).

## I.     Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R").

Objections are to the R&R are not to "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004). Moreover, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted)

(footnote omitted)).

## II. Background

The Magistrate Judge's R&R set forth a concise and accurate summary of the necessary background of this case. (Doc. 15 at 1–6). The Court finds that these facts are supported by the record, are not objected to by either party, and thus adopts them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

## III. Petitioner's Objections to Claim One

Ground One of Petitioner's Petition states that his appellate counsel was ineffective for failing to raise a Fourth Amendment "illegal, warrantless blood draw" claim on appeal. Petitioner raised the same claim before the state post-conviction review ("PCR") court, where it was dismissed because Petitioner could not establish his counsel performed deficiently in failing to raise a colorless claim. The claim having been considered on its merits by the state court, on habeas review, Judge Metcalf assessed whether the PCR court's decisions was "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or whether the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)&(2). Judge Metcalf disagreed with Petitioner's contention that the state court made an unreasonable determination of fact in finding Petitioner consented to the blood draw, stating "it was not an unreasonable determination of the facts to infer consent from both the 'yes' and the 'I'll do whatever' responses" that officers reported Petitioner made. (Doc. 15 at 9).

Petitioner's Objection takes issue with Judge Metcalf's characterization of the state court record. He argues that the PCR court incorrectly found that Petitioner gave two responses to the question of consent, when Petitioner says the record shows he only made

one response that was recorded inconsistently between two officers. He argues that if properly considered as one response, the officers recorded "irreconcilable responses." (Doc. 16 at 3). The Court disagrees. Indeed, even assuming the state court erred in characterizing Petitioner's response as two rather than one, the Court finds this objection without legal consequence. Whether Petitioner made one response that was recorded differently between the two officers, or two separate responses, does not materially affect the PCR court's reasonable finding that Petitioner gave consent to the blood draw. The PCR court specifically found that,

> With regard to the statements of "yes" and "I'll do whatever," the Court finds they both manifest an agreement to go forward with the requested blood draw. While the words are not exactly the same the verbal intention is to agree to the blood draw and not to challenge it. "Yes" is a clear and concise term of agreement. "I'll do whatever" suggests an agreement to go forward with the proposed action. Neither statement suggests a refusal, rejection, denial, or unwillingness to go forward with the proposed blood draw. Thus, the defense contention that these words are inconsistent or unequivocal is unsupported….

(Doc. 11-2 at 112). And as noted by the Magistrate Judge,

> [I]t was not an unreasonable determination of the facts to infer consent from both the "yes" and the "I'll do whatever" responses. 'Recitation of magic words is unnecessary; the key inquiry focuses on what the typical reasonable person would have understood by the exchange between the officer and the suspect.' *United States v. Stewart*, 93 F.3d 189, 192 (5th Cir. 1996). Both phrasings indicate a willingness to participate in the blood draw. 'I'll do whatever" may be less formal or eloquent, or more open ended than requested, but it plainly communicates to a reasonable person that the speaker is agreeing to whatever action has been requested. See e.g. [*United States*] *v. Torres-Sanchez*, 83 F.3d 1123, 1126 (9th Cir. 1996) (relying on consent phrased as 'Yeah, go ahead, if you want to').

(Doc. 15 at 9–10). This Court agrees. Petitioner has not shown that the state court's finding was objectionably unreasonable. Petitioner's Objections to Ground One are therefore overruled.

**IV.   Petitioner's Objections to Claim Two**

Claim Two alleges ineffective assistance of Petitioner's trial counsel for failing to interview and subpoena Officer Patterson, the officer that asked for Petitioner's consent to take the blood draw, to a pretrial suppression hearing. Although the issue had been raised by Petitioner on post-conviction review, it was not expressly addressed by the PCR court. Magistrate Judge Metcalf thus assessed the claim *de novo*[1] and found the claim meritless. (Doc. 15 at 14–16).

Petitioner objects to the Magistrate Judge's determination that "Petitioner offers nothing to support his claim" of ineffectiveness of counsel. (Doc. 16 at 6). Petitioner says he "clearly identifies how counsel failed to investigate" Claim Two. (*Id.*) He says that in his Petition, he "swore under penalty for perjury" that "counsel did not conduct an interview" of the officer, failed to subpoena him, and that he both alleged an ethics violation and a cited applicable case law. (*Id.* at 6–7). But the Magistrate Judge did not recommend dismissing the claim because Petitioner failed to adequately allege it; he recommends dismissal because the claim is unsupported, leaving the Court to merely speculate what would have come of subpoenaing the officer at the suppression hearing. (Doc. 15 at 14). The Magistrate Judge noted that the only evidence Petitioner suggested would have been given at the suppression hearing was the testimony Officer Patterson gave at trial, in which he stated that Petitioner responded, "I'll do whatever" to his question of consent to draw blood. (*Id.* at 15). This statement was recorded in the officer's written statement of the event, however, which was admitted during the suppression hearing. (Doc. 11-1 at 73). Petitioner explored the disparity between these two statements at the suppression hearing, and indeed, pretrial counsel impeached the other officer (who did testify at the suppression hearing) on the disparity. (*Id.* at 63–64). The trial judge

---

[1] In his Objection, Petitioner takes issue with the Magistrate Judge's decision to assess the Ground Two *de novo*, arguing that the PCR court "silently disposed of the issue on the merits" and thus "2254(d) applies." (Doc. 16 at 6). A *de novo* review of a claim, however, is a much more favorable standard of review to a petitioner than the deferential review a district court gives to claims that have been addressed on the merits under § 2254(d). The Court need not dig too deeply into the issue, however, because Petitioner fails to meet his burden under either standard.

- 5 -

acknowledged the disparity between the statements but ultimately found the officers to be credible and "there was an actual consent to the test, it was oral." (*Id.* at 149). The Magistrate Judge stated that "Petitioner proffers no reason to believe that live testimony by Officer Patterson [at the suppression hearing] would have had a different outcome, and thus fails to show prejudice from the failure of pretrial counsel to subpoena Patterson." (Doc. 15 at 16). Despite his objection, Petitioner does not explain how the result would have been different had his counsel subpoenaed the officer to the hearing.[2] Without more to suggest how his trial counsel performed ineffectively by failing to subpoena the blood draw officer for the suppression hearing, Petitioner's claim is without merit, and his objection is overruled. *See Strickland v. Washington*, 466 U.S. 668 (1984) (noting a petitioner does not establish prejudice simply by saying "that the errors had some conceivable effect on the outcome of the proceeding").

## VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 15) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** in part because Petitioner has not made a substantial showing of a denial of a constitutional right.

---

[2] For similar reasons, Petitioner's request for an evidentiary hearing is also denied. A prisoner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Where a petitioner does not proffer any evidence to be adduced at an evidentiary hearing which would prove the allegations of the petition, the habeas court need not grant a hearing. *Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006). Here, Petitioner has not identified any evidence that is not already ready in the record, and has not already been considered. His request is denied.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 29th day of October, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge